# Federal Equal Employment Opportunity Reporting Act of 1986

Legislation authorizing the Equal Employment Opportunity Commission (EEOC) to subpoena employees of federal agencies not in compliance with EEOC annual reporting requirements and to seek enforcement of such subpoenas in federal court would violate the doctrine of separation of powers by undercutting the President's power to provide a single voice for the Executive Branch in the enforcement of the laws.

One part of the Executive Branch may not sue another part, as there can be no case or controversy between agencies that are all subject to the direction and control of the President.

The proposed legislation's expansion of EEOC litigating authority would also undercut the Attorney General's ability to speak for the Executive Branch with a single voice in the courts.

August 12, 1986

MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL,
CIVIL RIGHTS DIVISION

This responds to your request for comments on §§ 4 and 5 of a draft bill, the Federal Equal Employment Opportunity Reporting Act of 1986 (Act).

The bill would require federal agencies to file annual reports with the Equal Employment Opportunity Commission (EEOC) demonstrating their compliance with several equal employment opportunity laws and affirmative action requirements. Sections 4 and 5 of the bill give the EEOC new authority to compel compliance with the reporting requirements. We have three objections to § 4.

First, § 4 authorizes the EEOC to issue a subpoena to any employee of the United States government and to seek enforcement of that subpoena in court.[1] *Id.* § 4(a)(2),(4). We believe the Department should oppose this provision. The issuance of a subpoena to another federal agency raises questions both of constitutionality and propriety. Fundamentally, the Department should oppose this provision because we believe that to permit the EEOC to seek enforcement

---

[1] The EEOC already has the authority to subpoena individuals being investigated. 42 U.S.C. § 2000e-9 (adopting investigative powers of the National Labor Relations Board, *see* 29 U.S.C. § 161). The EEOC has independent litigating authority. 42 U.S.C. § 2000e-4(b)(2).

of its subpoena in court is unconstitutional. The EEOC is an agency of the federal government, whose members are appointed by the President. 42 U.S.C. § 2000e-4(a). The Constitution provides for a tripartite system of government, with the President as the head of the Executive Branch. The President alone may speak for the unitary interests of that branch. As a result, one part of the Executive Branch may not sue another part; there can be no case or controversy between agencies that are subject to the direction and control of the same person.[2] Therefore, the EEOC may not be authorized to seek the aid of a court in enforcing compliance with its subpoena against another part of the Executive Branch.

As to matters of propriety, the terms of the draft bill indicate that the EEOC would most often issue these subpoenas to the heads of agencies, including, we must assume, cabinet officers. It would be awkward for such senior officials to decline to comply with an EEOC subpoena even on constitutional grounds without adverse publicity, and we do not think the Department should support a bill that would put them in that position.[3]

Second, we object to § 4 because it expands the EEOC's independent litigating authority by removing, for suits against federal employees, the present requirement in 42 U.S.C. § 2000e-4(b)(2) that the Attorney General conduct any EEOC litigation in the Supreme Court. Act, § 4(a)(2)(C). If the Executive Branch is to speak with a single voice to the courts, it is obviously imperative that it be represented in the Supreme Court by one individual — the Solicitor General. The importance of having central direction and control of the government's litigation underlies the Department's traditional resistance to any efforts to erode the Attorney General's litigating authority in the lower courts. The issue becomes even more important when the question is what position the Executive Branch will take before the Supreme Court. Thus, even if there were not constitutional objections to permitting the EEOC to sue a federal employee or agency, we believe that the Department should oppose permitting the EEOC to appear in the Supreme Court without direction from the Attorney General.

Third, we object to § 4 because it provides individuals with a private right of action to compel submission of a tardy agency report. If the EEOC does not issue a subpoena or sue to compel compliance with its subpoena, any employee of, applicant for employment with, or recognized labor organization of the non-complying agency may sue the agency and collect attorney's fees if the suit is successful. *Id.* § 4(b). Normally, we would of course have no constitutional objection to a private cause of action established by law. We are concerned in this case, however, because § 4(b) essentially permits a third party to step into the EEOC's shoes to pursue a case which we believe it would be unconstitu-

---

[2] The courts have permitted a limited exception to this rule where it is clear that there is a justiciable case or controversy, usually evidenced by the presence of a truly adverse private party. "Proposed Tax Assessment Against the United States Postal Service," 1 Op. O.L.C. 79 (1977).

[3] Although styled as a command, a subpoena has no effect until a court issues an order directing that the parties comply with it. W. Gellhorn, C. Byse, & P. Strauss, *Administrative Law* 553–54 (1979).

113

tional for the EEOC to pursue on its own. We believe the Department should oppose the proposed private right of action unless § 4 is redrafted to eliminate our objections to the EEOC's role.

DOUGLAS W. KMIEC
*Deputy Assistant Attorney General*
*Office of Legal Counsel*